# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TECLU TESFAZGHI NEMARIAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:13CV849 |
| | ) | |
| SANTA CLARA COUNTY DEPARTMENT | ) | |
| OF CHILD SUPPORT SERVICES | ) | |
| and REGBE ZEWELDI, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1), filed in conjunction with Plaintiff's pro se Complaint (Docket Entry 2). The Court will grant Plaintiff's request to proceed as a pauper for the limited purpose of recommending dismissal of this action, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim or, alternatively, for lack of subject-matter jurisdiction.

## LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours

& Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2). A complaint falls short when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." Id.[1]

DISCUSSION

Plaintiff's Complaint names the Santa Clara County Department of Child Support Services and Regbe Zeweldi (presumably the mother of Plaintiff's children) as Defendants. (Docket Entry 2 at 1.) It challenges the amount of child-support garnishment from Plaintiff's Social Security retirement income as "unreasonable and exorbitant." (Id. at 2.) The Complaint contains the following factual allegations:

1) Plaintiff "earned $1,217.00 monthly [retirement] income from [the] Social Security Administration (SSA) during the first quarter of 2013" (id.);

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly in dismissing pro se complaint); accord Atherton v. District of Columbia Office of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 679, respectively)).

2) as a result of Plaintiff's divorce in 1980, he owed a child support debt in excess of $100,000 and "the Court ordered him to pay $650 monthly child support based on his capacity to earn" (id.);

3) Plaintiff "never earned [a] sufficient amount of money to comply with the order . . . . [and] [r]epeatedly, [Plaintiff] requested for reduction in child support and he was denied by the same Court" (id.);

4) "[a]fter the 2 children passed the age of 18 in 2001, the Court ordered [Plaintiff] to pay $50 [monthly] back child support and[] [Plaintiff] has been paying on account what ever amount he could afford" (id. at 3);

5) "Defendants realized that [Plaintiff] was too broke and wrote off the debt by closing the case in December 2008" (id.);

6) "[w]hen [Plaintiff] approached retirement age, Defendants reopened the case in January 2012, and in April 2013 started annoying him by demanding SSA an exorbitant withholding by ignoring existing Court Order of $50.00 per month" (id.);

7) "[o]n May 31, 2013, Plaintiff was informed by the SSA that $445.20 was deducted from his $1,217.00 income because Defendants, residents of the State of CA, demanded so" (id. at 2);

8) "Plaintiff contended and argued before the SSA that the $445.20 was unreasonable and exorbitant and requested for

reconsideration . . . . [and] the SSA advised Plaintiff to resolve the matter at the Federal District Court" (id.);

9) Plaintiff's efforts to reach a solution with Defendants directly did not result in a reduced monthly payment (id.); and

10) Plaintiff now seeks an "[o]rder directing Defendants to honor the State Court Child Support Order of $50.00 per month and that the SSA be ordered to withhold $50.00 per month retroactive to April 2013, from Plaintiff's monthly social security income, and that the excess withholding . . . is to be credited to Plaintiff[]" (id. at 3).

As an initial matter, Plaintiff's Complaint seeks an order against the Social Security Administration but does not name the agency as a Defendant. (Id. at 1, 3.) In addition, the Complaint does not identify a federal cause of action under which Plaintiff may recover. (See id. at 1-3.) Nor does any federal cause of action appear to exist under which Plaintiff may challenge the garnishment of his Social Security benefits for child support. See Trimble v. United States Soc. Sec., 369 F. App'x 27, 31 (11th Cir. 2010) (finding no private right of action to dispute child-support garnishment of Social Security benefits under Fifth Amendment, Administrative Procedure Act, Federal Tort Claims Act, or Social

Security Act); Colbert v. Roling, 233 F. App'x 587, 589-90 (8th Cir. 2007) (holding that neither 42 U.S.C. § 1983 nor the Consumer Credit Protection Act provide means to challenge child-support garnishment).

Moreover, the Social Security Act plainly authorizes the garnishment of benefits to fulfill child support obligations. 42 U.S.C. § 659(a). Further, "the Government cannot be held liable for honoring a writ of garnishment which is 'regular on its face' and has been issued by a court with subject-matter jurisdiction to issue such orders." United States v. Morton, 467 U.S. 822, 836 (1984) (quoting 42 U.S.C. § 659(f)(1)). Therefore, the federal courts have no power to "look beyond the face of the court order" to assess the propriety of a writ of garnishment. Trimble, 369 F. App'x at 31. Additionally, sovereign immunity would bar such a claim because the United States has not consented to such suits. See id. at 30.

In the instant case, Plaintiff's Complaint does not allege problems on the face of the state-court judgment or dispute the state court's subject-matter jurisdiction; instead, it seeks to challenge the merits of the state-court judgment that resulted in the garnishing of Plaintiff's benefits, outside the ordinary state appeals process. (See Docket Entry 2 at 1-3.) The Rooker-Feldman doctrine, however, bars Plaintiff from seeking review of a final state-court judgment in a federal district court. See Exxon Mobil

-6-

Case 1:13-cv-00849-TDS-LPA   Document 4   Filed 10/11/13   Page 6 of 9

Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84 (2005) ("Plaintiffs in *Rooker* and *Feldman* had litigated and lost in state court. Their federal complaints, we observed, essentially invited federal courts of first instance to review and reverse unfavorable state-court judgments. We declared such suits out of bounds, *i.e.*, properly dismissed for want of subject-matter jurisdiction.").

In other words, Plaintiff effectively seeks to relitigate the state-court judgment which resulted in the garnishment of his benefits, something the Rooker-Feldman doctrine prohibits. See Sorenson v. Suffolk Cnty. Child Support Enforcement Bureau, No. 07CV03755, 2009 WL 580426, at *6 (E.D.N.Y. March 5, 2009) (unpublished) ("[A]ny attempt to utilize the federal courts to, in essence, challenge the existing judgment regarding child support arrears, or the County's enforcement of that judgment, is barred by the *Rooker–Feldman* doctrine."). To the extent Plaintiff's Complaint asserts that the earlier fifty-dollar-per-month court order should have remained in effect, Rooker-Feldman likewise bars such a claim. See id. at *7 ("[T]o the extent plaintiff could try to contend that his claims are reviewable because they relate to the alleged improper enforcement of the Family Court judgment rather than the judgment itself, the Court concludes that *Rooker–Feldman* also bars such claims because the enforcement is

-7-

inextricably intertwined with the state court judgment."). In sum, Plaintiff has failed to state a claim over which this Court has jurisdiction.

As a final matter, to the extent Plaintiff's Complaint asserts federal jurisdiction based on diversity of citizenship (Docket Entry 2 at 1), the domestic relations exception would bar this Court from entertaining Plaintiff's suit, see Marshall v. Marshall, 547 U.S. 293, 308 (2006) ("'[D]ivorce, alimony, and child custody decrees' remain outside federal jurisdictional bounds." (quoting Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992))); Griessel v. Mobley, 554 F. Supp. 2d. 597, 601, 604 (M.D.N.C. 2008) (applying domestic relations exception to remand child-support claim back to state court). Nor does Plaintiff allege an amount in controversy in excess of $75,000 (see Docket Entry 2 at 2-3) as required to support diversity jurisdiction. See 28 U.S.C. 1332(a).

## CONCLUSION

Plaintiff's Complaint fails to state a federal claim and this Court otherwise lacks jurisdiction.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis and Affidavit/Declaration in Support (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and, alternatively, for lack of subject-matter jurisdiction.

                                           /s/ L. Patrick Auld
                                              **L. Patrick Auld**
                                    **United States Magistrate Judge**

October 11, 2013

-9-

Case 1:13-cv-00849-TDS-LPA   Document 4   Filed 10/11/13   Page 9 of 9